United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Pamela Taylor, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-22161-Civ-Scola |
| | ) |
| Royal Caribbean Cruises Ltd., | ) |
| Defendant. | ) |

### Omnibus Order

    This matter is before the Court upon Plaintiff Pamela Taylor's motion for reconsideration of the Court's Order granting the motion to dismiss (Order, ECF No. 19) and her separate motion for leave to amend the complaint. (Pl.'s Mot. for Reconsideration, ECF No. 21; Pl.'s Mot. for Leave to Amend, ECF No. 22.) This maritime action arises from damages Taylor sustained when she tripped and fell while disembarking a cruise operated by Defendant Royal Caribbean Cruises Ltd. (ECF No. 6 at ¶ 18.) After careful review, the Court granted Royal Caribbean's motion to dismiss Taylor's case in its entirety. *See Taylor v. Royal Caribbean Cruises Ltd.*, No. 20-22161-CIV, 2020 WL 6826486 (S.D. Fla. Nov. 20, 2020) (Scola, J.). In response, Taylor now asks the Court to reconsider its order dismissing her complaint and to afford her leave to amend her complaint. In her reply brief, Taylor acknowledges that in response to the arguments made in the motion to dismiss, "it clearly would have been preferable for the Plaintiff to address those alleged insufficiencies in an amended complaint . . . ." (ECF No. 27 at 2.) The Court agrees and after careful consideration of Taylor's motions, the record, and the relevant legal authorities, the Court **denies** the motions (**ECF Nos. 21–22**).

    To begin with, "in the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007). A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). "Simply put, a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice."

*Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 (S.D. Ala. 2008) (quoting *Vidinliev v. Carey Int'l, Inc.*, No. CIV.A. 107CV762-TWT, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008)). However, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (citation omitted). Certainly, if any of these situations arise, a court has broad discretion to reconsider a previously issued order. Absent any of these conditions, however, a motion to reconsider is not ordinarily warranted.

Here, Taylor does not complain that the Court erred substantively in dismissing her amended complaint. Instead, she argues that her claims may potentially be barred by a one-year statute of limitations, and therefore, dismissal could work a manifest injustice. The Court finds Taylor's arguments unavailing and therefore does not find reconsideration warranted.

"The only grounds for granting a Rule 59 motion [to amend] are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Taylor does not argue that there is newly discovered evidence, nor does she cite to any legal authority to support her proposition that a *de facto* dismissal with prejudice, without more, operates as a manifest error of law. The motion thus fails to meet the Rule 59 standard, which is the rule pursuant to which the motion to reconsider was filed. (ECF No. 21 at 1.) Nevertheless, the Court will proceed to apply Federal Rule of Civil Procedure 16(b)(4). *See Watkins v. Bigwood*, No. 18-cv-63035, 2020 WL 4922359, at *2 (S.D. Fla. Aug. 21, 2020) (Bloom, J.) (citation omitted) (holding, in a case involving a *pro se* plaintiff, "when a motion for leave to amend a pleading is filed after the deadline set in a court's scheduling order, the court employs a two-step analysis" governed by Rule 16(b)(4)). "First, the movant must demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure." *Id.* "If the movant demonstrates good cause, the court proceeds to determine whether an amendment to the pleadings is proper . . . ." *Id.*

Here, the Court finds no good cause to revisit its ruling. Indeed, Taylor had ample opportunity to cure the defects in her pleading and chose not to do so. The Court struck Taylor's first complaint as a shotgun pleading, pointing out to her that she must do "more than assert fact-free, wholly conclusory, boilerplate allegations" and instead must "allege facts, not merely labels and boilerplate conclusions. (ECF No. 5 at 2-3 (quoting *Gharfeh v. Carnival Corp.*, 309 F. Supp. 3d 1317, 1333, n.7 (S.D. Fla. 2018) (Goodman, Mag. J.) and citing *Ward v. Carnival Cruises*, No. 17-24628, 2019 WL 342027, at *2-3, n.1, n.2 (S.D. Fla. Jan. 28, 2019) (Scola, J.) (collecting cases)))  The Court granted her leave to file an amended complaint and advised Taylor that "failure to comply with this order may result in dismissal of this case with prejudice or other appropriate sanctions." (ECF No. 5 at 3.) Royal Caribbean moved to

dismiss the amended complaint and argued that Taylor failed to allege causation and that Royal Caribbean was on notice of the allegedly dangerous condition. (ECF No. 11 at 3, 8.) Royal Caribbean's motion to dismiss put Taylor on notice of her pleading's shortcomings. At that point Taylor had a choice: stand on her pleading and oppose the motion to dismiss or request leave to amend in order to address her pleading's flaws. As a tactical decision, Taylor chose to oppose the motion and lost. The Court will not now afford her another bite of the apple where she declined "to follow the well-trodden procedural path toward amendment." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 Fed. App'x 925, 930 (11th Cir. 2016) (also noting the propriety of dismissal with prejudice "where a counseled plaintiff has failed to cure a deficient pleading after having been offered ample opportunity to do so").

While it is certainly true that our legal system favors the resolution of cases on their merits, that rule is not without limits. Especially where, as here, the plaintiff's own strategic decisions dictated the course of litigation. Here, Taylor reviewed Royal Caribbean's motion to dismiss, vigorously opposed it and then sat back and waited to see if the Court would let her pleading stand. Taylor had every opportunity to fix the deficiencies Royal Caribbean identified prior to the Court's careful and thorough review. She should have taken her best shot from the get-go; she should not have waited for Royal Caribbean and the Court to have worked through her pleading before bothering to inform all involved that she had a much better pleading in her quiver in case things went badly for her. The Court is not persuaded by Taylor's after-the-fact attempt to recast this tactic as a defensible strategy for having the Court provide a roadmap for how to survive dismissal. Her present request does not allege new information uncovered in discovery. At bottom, the delay was a tactical choice that does not warrant leave to amend months after the deadline.

Lastly, Taylor's argument that amendment should be allowed under Rule 15(a)(2) misses the mark. (ECF No. 22 at 2.) While that rule indeed requires "[t]he court [to] freely give leave" to amend "when justice so requires," Taylor has sought leave to amend long after the deadline to do so has passed. When leave to amend is sought *after* the deadline to amend the pleadings has passed, the movant must do more than argue leave is due under Federal Rule of Civil Procedure 15(a). Instead, the movant must also show "good cause" under Federal Rule of Civil 16(b)(4) in order to obtain the right to amend. *See Sosa v. Air Print Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The standard set forth in Rule 16(b) "precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *See Sosa,* 133 F.3d at 1418. Thus, "diligence

is the key to satisfying the good cause requirement." *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672–73 (S.D. Fla. 2012) (Ungaro, J.). Only if "good cause" for an untimely amendment is shown under Rule 16(b), does Rule 15(a)'s instruction, that leave should be freely given when justice so requires, come into play. *See* Fed. R. Civ. P. 15(a)(2). While the standard under Rule 15(a) is lenient, still, "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the [opposing party], and futility of the amendment." *See Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citations omitted). As discussed above, Taylor has failed to satisfy Rule 16(b) as she did not show good cause justifying her untimely proposed amendment. She merely made the strategic choice to await the Court's ruling. "Permitting another round of amendments" at this point, "would . . . unduly protract [these] proceedings . . . and promote[] judicial inefficiency." *Eiber*, 673 Fed. App'x at 930.

For the foregoing reasons, the Court **denies** Taylor's motions for reconsideration and for leave to amend (**ECF Nos. 21–22**).

**Done and ordered**, in Miami, Florida on January 15, 2021.

Robert N. Scola, Jr.
United States District Judge